[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13643
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 12, 2005
THOMAS K. KAHN
CLERK

Agency No. A79-429-517

MEI YU CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 12, 2005)

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Mei Yu Chen, a native and citizen of China, petitions for review of the Immigration Judge's ("IJ") order denying her claim for asylum, 8 U.S.C. § 1158, and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3)(A), and the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c), which became the final agency determination when the Board of Immigration Appeals ("BIA") summarily affirmed the IJ's decision without an opinion.[1]  On appeal, Chen argues that substantial evidence did not support the the IJ's adverse credibility determination or the IJ"s denial of asylum under the INA.[2]  After thorough review of the record and careful consideration of the parties' briefs, we affirm.

The IJ's factual determination that an alien is not entitled to asylum must be upheld if it is supported by substantial evidence.  See Mazariegos v. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001).  Under this highly deferential standard of review, a denial of asylum may be reversed only if the evidence would compel a

---

[1]When the BIA issues a summary affirmance, the IJ's decision becomes the final order subject to review. See Mendoza v. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). Because Chen's removal proceedings commenced after April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), this case is governed by the permanent provisions of the INA, as amended by IIRIRA.  Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

[2]Because we find that Chen has not established a case for asylum under the INA, we do not address her arguments that she also satisfied the higher standards for withholding of removal or CAT relief.  See Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001).

reasonable factfinder to find that the requisite fear of persecution exists. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 815 n.1, 117 L. Ed. 2d 38 (1992); see also 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). A finding of fact will be reversed "only when the record compels reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal . . . ." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, ____ U.S. ____, 125 S.Ct. 2245 (2005); see also 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . .").

First, Chen argues that the IJ's adverse credibility determination was not supported by substantial evidence since Chen's asylum application and oral testimony were consistent with each other. Like other factual findings, credibility determinations are reviewed under the substantial evidence test, and the IJ must offer specific, cogent reasons for an adverse credibility finding. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286-1287 (11th Cir. 2005).

Chen has not shown the IJ's adverse credibility determination must be overturned. This is so because substantial evidence supports the determination, including: (1) the unexplained discrepancy between the September 2000 date on

3

the document allegedly issued by Chen's village in China certifying that Chen's mother was sterilized and Chen's testimony that she requested the document in September 2001 (which the IJ cited to support her finding that Chen was not credible in asserting that her mother was forcibly, and not voluntarily, sterilized); (2) Chen's contradictory testimony at her credible-fear interview and at her asylum hearing regarding her use of a "snakehead" to leave China (which the IJ noted in finding that Chen was not credible in asserting that she had no knowledge of the arrangements made by her family to secure her arrival here); and (3) the U.S. State Department's China Country Report on Human Rights Practices for 2001 states that Buddhism is an officially recognized religion in China, and that most government officials who practice a religion are Buddhist (which provided support to the IJ's determination that Chen was not credible in claiming that her father was persecuted for being Buddhist). Simply put, Chen has pointed to no evidence in the record that compels us to reverse the adverse credibility decision, which is supported by substantial evidence.

We are likewise unpersuaded by Chen's argument that the IJ's denial of her asylum application was not supported by substantial evidence because she stated a meritorious claim for asylum due to being harassed by her ex-boyfriend based on her gender. An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General

4

has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to his home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status. See Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001); 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that his or her statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Najjar, 257 F.3d at 1287. A "well-founded fear" of persecution may be established based on (1) past persecution that creates a presumption of a "well-founded fear" and by overcoming any rebuttal by the INS; (2) a reasonable possibility of personal persecution that cannot be avoided by relocating within the subject country; or (3) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which the alien is a part. See 8 C.F.R § 208.13(b)(1), (2). Although the INA does not expressly define "persecution" for purposes of qualifying as a "refugee," see 8 U.S.C. § 1101(a)(42), we have stated that "persecution is an extreme concept, requiring

5

more than a few isolated incidents of verbal harassment or intimidation." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2004) (quotations omitted).

The petitioner's well-founded fear of persecution must be on account of, or because of, one of the statutorily listed factors. See INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L. Ed. 2d 38 (1992). To establish the necessary causal connection, the alien must present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" a statutorily listed factor. Sepulveda, 401 F.3d at 1231 (quotation omitted). Furthermore, we have approved a "country-wide requirement" in which a refugee must first pursue an "internal resettlement alternative" in her own country, or establish that this is not possible, before seeking asylum here. Mazariegos, 241 F.3d at 1326-27.

In addition to the adverse credibility finding that we have affirmed above, the record shows that Chen has never been beaten, arrested, imprisoned, tortured, or forcibly sterilized in China. As the IJ put it, "[i]t is clear from the record before this Court that this respondent has never been harmed physically whatsoever in her country." Although her ex-boyfriend's father once broke a window and door in her house, the incident is more akin to an isolated instance of intimidation and harassment, rather than persecution. Moreover, even if the alleged group of "poor

6

young women who rebel against status quo of arrenged [sic] marriage in rural [C]hina" is a cognizable social group, Chen presented <u>no</u> evidence showing that her ex-boyfriend or his father were aware of her membership in that group or that she was harmed based on her membership in this group. In short, substantial evidence, including the adverse credibility finding, supports the IJ's finding that Chen failed to establish past persecution or a well-founded fear of future persecution in China. Accordingly, we deny her petition for review.

**PETITION DENIED.**