[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 20, 2007
THOMAS K. KAHN
CLERK

No. 07-10511
_____

BIA No. A79-429-517

MEI YU CHEN,

                                                              Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                              Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(November 20, 2007)**

Before BLACK, HULL and FAY, Circuit Judges.

PER CURIAM:

Mei Yu Chen, a native and citizen of the People's Republic of China, appeals the final order of the Board of Immigration Appeals ("BIA") denying her motion to reopen her removal proceedings. The BIA concluded that Chen's motion, which she filed over two years after the BIA's final decision affirming the immigration judge's removal order, was untimely. On appeal, Chen contends the BIA erred by declining to reopen her case because, during the intervening two years, she had gotten married, had a child, and became pregnant with a second child, all in this country. According to Chen, the birth of her two children here, when coupled with China's Family Planning Law, satisfied the "changed country circumstances" exception to the time limit for filing a motion to reopen.[1] After careful review, we deny the petition for review.

After arriving in the United States on December 10, 2001, Chen filed an application for asylum and withholding of removal and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, based on her and her family's political and religious beliefs. At that time, Chen was single and had no children. The IJ denied Chen's application for relief and ordered her removed to China. On June 29, 2004, the BIA affirmed

_____

[1]Because she failed to assert it before the BIA, we lack jurisdiction to consider Chen's argument concerning equitable tolling. See INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003).

without opinion the IJ's order.  We denied Chen's petition for review.  See Chen v. U.S. Att'y Gen., No. 04-13643 (11th Cir. Sep. 12, 2005).

On July 21, 2006, Chen filed a motion to reopen her removal proceedings and to stay removal with the BIA based upon a significant change in her individual circumstances.  She argued that since her prior removal proceedings, she had given birth to a daughter in 2003, gotten married in 2005, and become pregnant with a second child who was due in November 2006.[2]  Chen argued that, because of these events, she was prima facie eligible for asylum on the grounds that she would be forced to insert an IUD or to undergo  sterilization under China's Family Planning Law if returned to China, in contravention of her wish to have three children.  Chen also argued that her motion was timely because it was premised on these new events. The BIA denied Chen's motion to reopen as untimely.  This petition for review followed.

We review the denial of a motion to reopen for abuse of discretion.  See Anin v. Reno, 188 F.3d 1273, 1276 (11th Cir. 1999).  Our review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious."  Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted).

---

[2]Chen's motion was entitled "Motion To Reopen/Reconsider And Motion To Stay From Removal Based On Changes In The Respondent's Objective Circumstances."

3

An alien may move the BIA to reopen a prior removal order based on new evidence. See 8 C.F.R. §§ 1003.2(a), (c)(1); see also 8 U.S.C. § 1229a(c)(7)(C)(ii); INA § 240(c)(7)(C)(ii). The alien may file only one such motion to reopen and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. See 8 C.F.R. § 1003.2(c)(2); 8 U.S.C. §§ 1229a(c)(6)(A), (C)(I); INA §§ 240(c)(6)(A), (C)(I). An exception to the foregoing limitation exists, however, if the motion to reopen is for the purpose of reapplying for relief "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii) (emphasis added); 8 U.S.C. § 1229a(c)(7)(C)(ii); INA § 240(c)(7)(C)(ii).

After the briefs were filed in the instant case, we interpreted the "changed country circumstances" exception and concluded that the BIA erred by denying a motion to reopen based on new evidence that officials in the petitioner's hometown "had intensified their persecution of parents of two children." Li v. U.S. Att'y Gen., 2007 WL 1731109, *1 (11th Cir. Jun. 18, 2007) (emphasis added). In Li, the petitioner submitted the following evidence, in support of her motion to reopen: (1) her own affidavit, reporting recent second-hand accounts of forced sterilization and

4

abortion in her village in the previous year; (2) her mother's affidavit, reporting that family planning enforcement had become "more severe" in their village, that sterilizations "were more common than before," and that three women from their village recently had been forcibly sterilized after giving birth to their second child; (3) the U.S. State Department China Country Report for 2003, which was available at the petitioner's original removal hearing, indicating that the one-child policy was more relaxed in rural areas but that parents of multiple children were "usually pressured to undergo sterilization"; (4) the 2004 edition of this Report, which was not available at the original removal hearing, indicating that parents of multiple children were "often pressured to undergo sterilization"; and (5) the 2005 edition of this Report, indicating that forced sterilization and abortion were prevalent in rural provinces. Id.

The BIA denied Li's motion, reasoning that the anecdotal evidence of sterilization in her hometown province established "only that the family planning policies are enforced generally in [the movant's] hometown and that they were enforced specifically against the person identified [in the anecdotes]." Id. at *2. We were unpersuaded by the BIA's reasoning in Li, given the petitioner's evidence of "a recent campaign of forced sterilization in her home village," and concluded that she had presented sufficient evidence of changed circumstances to excuse her untimely motion to reopen. Id. at 10.

5

The instant case presents an entirely different category of evidence. Here, in contrast to the petition in <u>Li</u>, Chen argues that evidence of a change to her personal circumstances since the BIA's final removal order-- that is, the intervening birth of her second child -- when coupled with evidence that the enforcement of the Family Planning Law <u>remains</u> strong and has not been relaxed, established "changed country circumstances." We disagree. Again, the exception to the 90-day period for filing a motion to reopen applies where the petitioner establishes "changed circumstances <u>arising in the country of nationality</u>," 8 C.F.R. § 1003.2(c)(3)(ii), and not changed personal circumstances, such as the ones relied on by Chen. It was evidence of changed circumstances, arising in the petitioner's hometown, that we addressed in <u>Li</u>. Li's submissions in support of her motion to reopen established an <u>escalation</u>-- in other words, a change -- in country circumstances. Chen presented no such evidence here, instead relying on evidence that officials <u>continue</u> to enforce the one-child policy, without any accompanying argument that the manner of enforcement has worsened. On this record, given Chen's failure to present evidence of changed country circumstances, as opposed to changed personal circumstances since the filing of her application for asylum, we cannot conclude the BIA's decision was arbitrary and capricious, nor was it an abuse of discretion.[3]

---

[3] Because we have concluded that the BIA did not err in its decision on the motion to re-open, we do not reach Chen's arguments on the merits of her new asylum claim. See <u>Anin</u>, 188

6

Finally, Chen has moved, pursuant to 28 U.S.C. § 2347(c), for leave to adduce new evidence demonstrating eligibility for relief before the BIA. Congress has prohibited the appellate courts from ordering the taking of additional evidence under § 2347(c) in reviews of final orders of removal. 8 U.S.C. § 1252(a)(1). Id. In any event, we DENY Chen's motion under 28 U.S.C. § 2347(c) because she has neither explained what the new evidence is, nor has she shown that it would be material to her asylum claim and that she had reasonable grounds for failing to bring it to the BIA's attention below. See id.

**PETITION DENIED.**

---

F.3d at 1276.